# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| TERRENCE DEMONT CLAIBORNE | CIVIL ACTION NO. 09-755-P |
| VERSUS | JUDGE HICKS |
| KEITH ROY | MAGISTRATE JUDGE PAYNE |

# MEMORANDUM ORDER

Before the Court is a petition for a writ of habeas corpus filed on behalf of petitioner Terrence Demont Claiborne, pursuant to 28 U.S.C. § 2241. This petition was received and filed in this Court on May 8, 2009. Petitioner is incarcerated at the Federal Correctional Institute in Texarkana, Texas. He names Warden Keith Roy as respondent.

On March 8, 2008, Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute powder cocaine and cocaine base in the United States District Court for the Western District of Louisiana, Shreveport Division. On May 9, 2008, he was sentenced to 120 months imprisonment and five years supervised release. USA v. Claiborne, 5:07-cr-50106.

It appears that Petitioner has not sought review of his conviction and sentence.

Petitioner contends that his conviction and sentence are invalid. In support of this petition, Petitioner claims (1) he was denied effective assistance of counsel and (2) his guilty plea was not freely and knowingly entered.

Petitioner expressly files this action as a habeas corpus petition under 28 U.S.C. § 2241. However, he seeks to have his conviction and sentence vacated and set aside. [Doc. 1]. Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and § 2255 is the proper means of attacking errors that occurred during or before sentencing. Ojo v. INS, 106 F.2d 680, 683 (5th Cir.1997).

Petitioner's claim for habeas corpus relief rests entirely upon the premise that his conviction and sentence are invalid. He seeks to have his conviction and sentence vacated and set aside as a result of events which occurred prior to and during his sentencing. The petition is devoid of any claim solely directed to the manner in which the sentence is being executed.

"A petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his detention.'" Cox v. Warden, Federal Detention Center, 911 F.2d 1111 (5th Cir. 1990) citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Petitioner has not made any allegations which would lead this court to conclude that the remedy under §2255 is an inadequate or ineffective means for challenging his detention.

Accordingly, Petitioner is put on notice of the Court's intent to recharacterize his §2241 petition as a §2255 motion. Petitioner is further put on notice that the

recharacterization of his petition will subject subsequent §2255 motions to the law's "second or successive" restrictions. See Castro V. US, 124 S.Ct. 786 (2003).

Petitioner is hereby granted until **June 26, 2009,** to inform the Court whether he seeks to withdraw his motion or he seeks to amend it so that it contains all the §2255 claims he believes he has. If he does not file his intent within the time permitted, it will be recommended that this action be dismissed.

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 10th day of June, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE